UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EDGAR JOSE GIL-BLANCO,

                  Petitioner,

v.

KEVIN RAYCRAFT et al.,

                  Respondents.

_____/

Case No. 1:26-cv-770

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.12; Br. Supp. Pet., ECF No. 3.)

In an order entered on March 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 13, 2026, (Resp., ECF No. 5), and Petitioner filed his reply on March 17, 2026, (Reply, ECF No. 6.)[1]

## II.     Factual Background

Petitioner is a native and citizen of Colombia who entered the United States on or about February 13, 2022, without inspection near Eagle Pass, Texas. (Pet., ECF No. 1, PageID.5; Notice to Appear (NTA), ECF No. 5-1, PageID.101.) After Petitioner entered the United States in February 2022, Department of Homeland (DHS) agents encountered him, and at that time, DHS agents charged Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 5-1, PageID.101.) Petitioner was "[r]eleased on [i]nterim [p]arole." (2022 Notice to EOIR: Alien Address, ECF No. 5-3, PageID.109.)

Petitioner has no criminal history. (2026 Form I-213, ECF No. 5-4, PageID.113.) He is married to a U.S. citizen. (*Id.*, PageID.112.)

On January 7, 2026, Petitioner appeared for an ICE check-in appointment. (2026 I-213, ECF No. 5-4, PageID.112.) Petitioner was detained as a program violator and taken into custody. (*Id.*) On February 12, 2026, the Detroit Immigration Court held a § 1226 bond hearing. (Order of the Immigration Judge, ECF No. 5-5.) In a written decision issued on February 12, 2026, the Immigration Judge found either: (i) "Respondent failed to demonstrate that the Court has

---

[1] On April 7, 2026, Petitioner filed a motion to expedite consideration of his § 2241 petition. (ECF No. 8.) As set forth herein, the Court will dismiss Petitioner's § 2241 petition without prejudice, which resolves the case and moots Petitioner's motion.

jurisdiction to reconsider his custody status and therefore the Court would decline to set bond," (*id.*, (citing *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025)); or (ii) "[i]n the alternative, if the Court were to find jurisdiction, the Court would deny Respondent[']s Request for Reconsideration of his custody status," explaining:

> Respondent was taken into custody due to non-compliance with his ICE check-ins on at least one occasion and according to the information provided by counsel for the Department of Homeland Security, Respondent has missed several check-in appointments. Further, the Court has reviewed Respondent's application for relief and notes that he has admitted to cooperation and work with a known terrorist group, National Liberation Army (ELN) and is likely subject to the terrorism bar. The Court has considered Respondent's application for relief and finds that Respondent does not have a high likelihood of success on the merits of his application. And, the Court finds that Respondent is a flight risk and based upon his own admissions of involvement with a known terrorist group, the Court finds that he is a danger to the community.

(*Id.*, PageID.118.)

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the

outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Discussion

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner or order Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.12; Br. Supp. Pet., ECF No. 3.) Prior to initiating this action, Petitioner had a bond hearing in the Detroit Immigration Court, and the immigration judge issued a written decision denying Petitioner's request for bond on February 12, 2026. (Order Immigration Judge, ECF No. 5-5.)

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the February 2026 bond hearing. (*See generally* Pet., ECF No. 1, Br. Supp. Pet., ECF No. 3.) Indeed, Petitioner's § 2241 petition and reply do not mention the February 2026 bond hearing. (*See* Pet., ECF No. 1; Reply, ECF No. 6.) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[2]

---

[2] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the February 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    April 22, 2026                          /s/ Robert J. Jonker
                                                  Robert J. Jonker
                                                  United States District Judge